UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS EAST INTERNATIONAL, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ATHOME AMERICA, INC., )<br>)<br>Defendant. ) | Civil Action No. 04-11994-RWZ |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

The defendant, AtHome America, Inc. ("AtHome America"), submits this within memorandum of law in support of its motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Counts II and III of the plaintiff, Dennis East International, Inc.'s ("Dennis East") Complaint.

**BACKGROUND**

Dennis East alleges that it is the designer and creator of certain home furnishing articles and gift items that it sells to retailers for eventual resale to the public. Complaint at ¶6. The plaintiff's Complaint also states that AtHome America is a home décor retailer that offers certain gift and home decorating items for sale to the public through catalogs. Complaint at ¶7. Dennis East alleges that AtHome America has, in the past, used Dennis East as a supplier of certain products that AtHome America has offered for sale to the public. Complaint at ¶¶12-16. Dennis East further alleges that AtHome America has discontinued purchasing items from Dennis East and has instead engaged in advertising, reproducing and selling items that infringe Dennis East's copyrighted works. Complaint

1

1116784v1

at ¶¶18 and 23. Based upon these alleged activities, Dennis East has brought suit against AtHome America alleging copyright infringement, trade dress infringement and violation of M.G.L.c. 93A ("Chapter 93A").

## ARGUMENT

**A.   STANDARD FOR DISMISSAL PURSUANT TO FED. R. CIV. P. 12(B)(6)**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is warranted when it appears that the plaintiff cannot prove a set of facts in support of his claim that would entitle him to relief. Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997). When evaluating the sufficiency of a complaint, the Court must accept as true the factual allegations of the complaint, but should not accept plaintiff's unsupported conclusions or interpretations of law. Mass. Sch. of Law at Andover, Inc., 142 F.3d at 40; see also Stein v. Royal Bank of Canada, 239 F.3d 389, 392 (1st Cir. 2001). "To survive a motion to dismiss, a complaint must set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" Berner, 129 F.3d at 25, quoting, Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988). However, "[t]he court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations." Smith & Hawken, Ltd. v. Gardendance, Inc., 2004 U.S. Dist. LEXIS 22934, 5 (N.D.Cal. 2004).

**B.   COUNT I OF THE COMPLAINT MUST BE DISMISSED (AS TO ONE OF THE FIVE WORKS) AS SAID WORK HAS NOT BEEN REGISTERED WITH THE UNITED STATES PATENT AND TRADEMARK OFFICE.**

Count I of the plaintiff's Complaint alleges United States Copyright Infringement pursuant to 17 U.S.C. §501. The plaintiff's Complaint states, in paragraph 10, that it has obtained "United States Copyright Registrations" for five items listed in its Exhibit A.

However, the first such item on the list of alleged protected designs in Exhibit A, as identified in Sections 10(A)-10(E) of the Complaint, is one for which the plaintiff has only *applied* for a registration: "VA – *applied for* 2/2/04 – 'Honeycomb Wire Basket' – Catalogue No. 25740." (Emphasis added). Section 411(a) of the Copyright Act, 17 U.S.C. §411(a), states that "…no action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been *made* in accordance with this title." Since the plaintiff's Complaint states, in section 10(A) that, it has *applied* for - - but has not received - - such registration Count I as based upon the aforementioned work in 10(A), must be dismissed.

### C. COUNT II OF THE COMPLAINT MUST BE DISMISSED AS DENNIS EAST HAS FAILED TO PROPERLY PLEAD A CLAIM FOR TRADE DRESS INFRINGEMENT.

1. Dennis East Has Failed To Properly Plead the Elements for Trade Dress Infringement.

"To state an infringement claim under §43(a) [of the Lanham Act] – whether it be a trademark claim or a trade dress claim – a [claimant] must meet three basic elements: (1) distinctiveness, (2) non-functionality, and (3) likelihood of confusion. The Yankee Candle Company, Inc. v. The Bridgewater Candle Company, LLC, 259 F.3d 25, 38 (1st Cir. 2001); Smith & Hawken, 2004 U.S. Dist. LEXIS 22934 at 8, quoting, Kendall-Jackson Winery v. E. & J. Gallo Winery, 150 F.3d 1042, 1046-1037 (9th Cir. 1998).

A simple reading of Count II of the Complaint reveals that none of the three elements for trade dress infringement is properly plead. Paragraph 30 of the Complaint contains the statement that AtHome America has infringed "Dennis East's trade dress in its distinctive Protected Designs." Complaint at ¶30. However, there is not one single

factual allegation that speaks directly or indirectly to the distinctiveness of Dennis East's trade dress. The element of non-functionality is likewise not pled. One can only presume that Dennis East has attempted to address both of these elements by using the word "distinctive" in Paragraph 30. However, such a conclusory statement cannot rehabilitate the clear defects in Dennis East's factual pleading.

In addition, Dennis East has also failed to plead any allegations of likelihood of confusion. As the laws that protect trademark and trade dress seek to achieve the avoidance of confusion in the marketplace, an essential element to a claim for trade dress infringement is that there is a possibility, or likelihood, of confusion among consumers. Yankee Candle Co., 259 F.3d at 38. The Complaint completely and utterly fails to address in any way how AtHome America's alleged actions have created a likelihood of confusion in the marketplace.

2. In This Case Distinctiveness Must Be Shown Through Secondary Meaning.

"[A]n unregistered product's design trade dress cannot be inherently distinctive and thus that product's design is distinctive, and therefore protectible, only upon a showing of secondary meaning." Metrokane, Inc. v. The Wine Enthusiast, 160 F.Supp.2d 633, 639 (S.D.N.Y. 2001); Wal-Mart Stores, Inc. v. Samara Brothers, Inc., 529 US 205, 216 (2000). Secondary meaning occurs when "in the minds of the public, the primary significance of a [mark] is to identify the source of the product rather than the product itself." Wal-Mart, 529 US at 211.

"Proof of secondary meaning entails vigorous evidentiary requirements." Yankee Candle, 259 F.3d at 43. "The only direct evidence probative of secondary meaning is consumer surveys and testimony by individual consumers." Id. "Secondary meaning

4

1116784v1

may also be proven through circumstantial evidence, specifically the length and manner of the use of the trade dress, the nature and extent of advertising and promotion of the trade dress, and the efforts made to promote a conscious connection by the public between the trade dress and the product's source. Id.

The Complaint makes no allegations that Dennis East has registered the trade dress elements of its products. As unregistered trade dress, then, Dennis East must plead that its trade dress has acquired secondary meaning. Dennis East has failed to do so.

Even the most generous and forgiving reading of the Complaint reveals that the burden to plead the elements of trade dress infringement has not been met. Because Dennis has not pled any facts that specifically identify the trade dress, its non-functionality, or its distinctiveness or that discuss likelihood of confusion between the parties' trade dress, Count II of the Complaint must fail and should be dismissed.

    3.    The Facts and Actions Upon Which Dennis East Relies for Count II Are Exactly the Same As Those in Count I and Therefore Any Trade Dress Claims Would Be Preempted By Federal Copyright Law.

Dennis East's Count II alleges that AtHome America's products violate the Lanham Act of 1946, 15 U.S.C. § 1051 et seq., particularly under 15 U.S.C. § 1125(a). When a plaintiff brings false designation of origin and unfair competition claims under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), which arise from the same conduct and facts as that plaintiff's copyright claims, the Lanham Act claims are preempted. Mist-On Systems, Inc. v. Gilley's European Tan Spa, 303 F.Supp.2d 974, 981 (W.D. Wis. 2002)(granting defendants' motion for summary judgment regarding Lanham Act count which arose from the same conduct as plaintiff's copyright claim). The basis for such rulings is that the 43(a) claim under the Lanham Act is no different

from the copyright claim and should be preempted under the rationale that one cannot use trademark law to expand the confines of copyright law and in effect negate copyright law. See also Shaw v. Lindheim, 919 F.2d 1353, 1364 (9th Cir. 1990) (Affirming district court's dismissal of the Lanham Act claim because there is an adequate remedy under federal copyright law); Weber v. Geffen, 65 F. Supp.2d 458, 463-64 (S.D.N.Y 1999) (Dismissing Lanham Act claim because it is duplicative of the copyright claim).

Since Count II seeks a recovery under the Lanham Act for the same alleged conduct and facts upon which Dennis East bases its copyright infringement count, Count II must be dismissed.

### D. COUNT III OF THE COMPLAINT MUST BE DISMISSED AS DENNIS EAST HAS FAILED TO PROPERLY PLEAD A CLAIM FOR VIOLATION OF CHAPTER 93A.

Count III of Dennis East's Complaint alleges that AtHome America has engaged in such unfair and deceptive acts as to be liable under Chapter 93A. Count III of the Complaint, however, fails as a matter of law for two significant reasons – first, because the U.S. Copyright Act preempts Dennis East's claims under Chapter 93A and, second, because Dennis East has failed to plead any facts that suggest AtHome America engaged in the level of conduct that merits liability under Chapter 93A.

   1. Federal Law Preempts the Plaintiff's Chapter 93A Claim.

> [A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. §301.

"To the extent that plaintiff's interest in his copyright is protected by federal copyright law, any cause of action under state law is preempted." Haberman v. Hustler Magazine, Inc., 626 F.Supp. 201, 215 (D.Mass. 1986); see also John G. Danielson, Inc. v. Winchester-Conant Props., Inc., 186 F. Supp. 2d 1, 29 (D. Mass. 2002). A plain reading of the Complaint clearly indicates that the allegations that Dennis East claims to be a violation of Chapter 93A are the very same allegations upon which its claims of copyright infringement are based.

Dennis East alleges that AtHome America violates Chapter 93A by copying Dennis East's "Protected Designs." Complaint at ¶38. Dennis East defines "Protected Designs" in Paragraph 10 of the Complaint as the copyrighted works that are the subject of the copyright claims at issue in the case. Accordingly, the exact same intellectual property is at issue in Count I and Count III of Dennis East's Complaint, and Dennis East fails to plead any additional elements in its Chapter 93A claim that would avoid preemption. As a result Dennis East's Chapter 93A claim is intrinsically tied to the actions that it also alleges constitute copyright infringement. Therefore as a matter of law, then, the claim fails as "[a]ny damage to the value of the copyright would, on the facts of this case, arise from the infringement rather than from the alleged employment of an unfair or deceptive act or practices." Id.

    2.    **Even If A Separate Claim under Chapter 93A Exists, Dennis East Has Failed to Properly Plead Facts That Support a Claim for Violation of Chapter 93A.**

Because litigation under Chapter 93A is "rampant" due to the possibility of treble damages and attorney fees, the courts have developed a rigorous test for assessing such

claims. Johnson v. Koplovsky, et al., 5 F.Supp.2d 48, 55 (D. Mass. 1998), citing Quaker State Oil Ref. Corp. v. Garrity Oil Co., 884 F.2d 1510, 1513 (1st Cir. 1990). "The objectionable conduct must attain a level of rascality that would raise an eyebrow of someone inured to the rough and tumble world of commerce. Id. Stated another way, a Chapter 93A plaintiff 'must show that the defendant's actions fell within at least the penumbra of some common-law, statutory, or other established concept of fairness, or were immoral, unethical, oppressive or unscrupulous, and resulted in substantial injury… to competitors or other businessmen." Id. (quoting PMP Assoc. Inc. v. Globe Newspaper Co., 366 Mass. 593 (1975)).

The notion that someone who has mass-produced and sells original copyrighted works to the public will encounter others in the marketplace who have entered the market with similar wares is neither shocking or even surprising. In recognition of this premise, the courts have already determined that mere copyright infringement alone does not support a claim under Chapter 93A. See generally Henry v. Nat'l Geographic Soc'y, 147 F. Supp. 2d 16, 23 (D.Mass. 2001) ["[I]nsofar as a Chapter 93A claim alleged only that the unauthorized use of the copyrighted work constituted an unfair and deceptive trade practice, the claim is preempted because the right to reproduce the copyrighted work is equivalent to the right protected by the Copyright Act. But where the plaintiff alleges that the defendant's acquisition of the copyrighted work was accomplished through unfair or deceptive means, such as by acquiring the artwork without paying for it and then disputing its origination, the claim was not preempted because it "had attained a level of rascality beyond mere copyright infringement."].

Even read in a light most favorable to the plaintiff, Dennis East's Chapter 93A claim is essentially based upon the assertion that AtHome America has simply copied its protected designs. There are no allegations that the infringement occurred through any unfair or deceptive acts that would give rise to a cause of action under Chapter 93A. Accordingly, Count III of the Complaint fails and should be dismissed.

## CONCLUSION

For the foregoing reasons, the defendant AtHome America Inc. requests that this Court allow its Motion to Dismiss on Counts II and III of Dennis East's Complaint.

Dated: December 23, 2004                    Respectfully submitted,

The Defendant,
ATHOME AMERICA, INC.,
By Its Attorney,

Nicholas Alexander, (BBO #544173)
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
617-439-7500

9

1116784v1