UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED IN CLERKS OFFICE
2005 JAN 20 P 12: 35
U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| DENNIS EAST INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 04-11994-RWZ |
| ) | |
| ATHOME AMERICA, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, DENNIS EAST INTERNATIONAL, INC. ("Dennis East"), files this Memorandum of Law in Support of its Opposition to Defendant's Motion to Dismiss certain allegations contained in Counts I, II and III of Plaintiff's Complaint.

### BACKGROUND

In pertinent part, Dennis East alleges that it is in the business of designing and creating a variety of goods and gifts for home and business use, causing said goods to be manufactured and then selling the goods to retailers for eventual resale to the public. Complaint at ¶6. Dennis East also alleges that AtHome America, Inc. ("AtHome") operates a similar business to that of Dennis East in that it offers assorted goods and gifts to the public through the distribution of catalogues. Complaint at ¶7. Further, Dennis East alleges that it has obtained and is the owner of certain copyrights on five (5) separate designs which are the subject of this action. Complaint at ¶10 and ¶11. Notwithstanding the indication in ¶10 of the Complaint that Dennis East had "applied for 2/2/04" the copyright registration for its "Honeycomb Wire Basket", the actual copy of the registration filed with the Complaint clearly indicates an accepted registration for the item being

1

Registration No. VA1-246-542 with an effective date of February 18, 2004. Complaint at ¶10 and Exhibit B.

Between December 2002 and April 2003, Dennis East alleges that AtHome purchased quantities of each of the items protected by Dennis East's copyright registrations. Complaint at ¶12-16 and Affidavit of Dale Endris filed with the Complaint at ¶3, ¶4 and ¶5. Dennis East further alleges that, after having taken delivery of significant quantities of its product line for several years including the "Protected Designs" referenced in the Complaint, AtHome then began to cancel certain purchase orders which Dennis East had relied upon in effecting the product manufacture. Complaint at ¶17 and ¶18 and Affidavit of Dale Endris at ¶5 and ¶6. Subsequent to the cancellation by AtHome, Dennis East alleges that AtHome continued to advertise and sell the Protected Designs of Dennis East in its 2004 catalogue. Complaint at ¶22, ¶23 and Exhibit C.

## ARGUMENT

A.  THE STANDARD FOR DISMISSAL PURSUANT TO Fed. R. Civ. P. 12(b)(6).

In assessing a defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court "must assume that the complaint's factual averments are true and determine from the coign of vantage whether the pleading encompasses any set of facts that would entitle the plaintiff to relief." *Brown v. Delahanty*, 129 F. 3d 20, 25 (1st Cir. 1997). Furthermore, dismissal is appropriate "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." *Correa-Martinez v. Arrillaga-Belendez*, 903 F. 2d 49, 52 (1st Cir. 1990). Finally, with regard to the facts alleged, they may be "either direct or inferential." *Gooley v. Mobil Oil Corp.*, 851 F. 2d 513, 515 (1st Cir. 1988).

B.  COUNT I OF THE COMPLAINT ALLEGES INFRINGEMENT OF FIVE REGISTERED COPYRIGHTS AND SHOULD NOT BE DISMISSED FOR FAILURE TO REGISTER.

AtHome alleges in its Motion to Dismiss and its Memorandum of Law in Support thereof that AtHome's Count I with respect to its claim of copyright infringement fails due to lack of

registration of one of AtHome's designs, namely, it's "Honeycomb Wire Basket". Plaintiff agrees that no action for copyright infringement in any United State court may be brought until registration has been achieved. 17 U.S.C. §411(a). However, Defendant errs in concluding that Plaintiff has failed to obtain a federal registration for one of its designs ("Honeycomb Wire Basket"). A simple examination of the Plaintiff's certificates of registration attached to the Complaint as Exhibit B reveals that the "Honeycomb Wire Basket" design was registered by the United States Copyright Office effective February 18, 2004, under Registration No. VA1-246-542. Accordingly, Defendant's Motion to Dismiss Plaintiff's claim for copyright infringement pursuant to 17 U.S.C. §501 must fail.

C.  PLAINTIFF'S CLAIM FOR UNFAIR AND DECEPTIVE ACTS UNDER M.G.L.c. 93A IS NOT PRE-EMPTED BY FEDERAL LAW.

In general, the Courts have held that "To the extent that plaintiff's interest in his copyright is protected by federal copyright law, any cause of action under state law is pre-empted." *Haberman v. Hustler Magazine, Inc.*, 626 F. Supp. 201, 215 (D. Mass. 1986). However, the Courts have carved out certain exceptions to pre-emption and have developed guidelines for assessing such claims. *Johnson v. Koplovsky Foods, Inc.*, 5 F. Supp. 2d, 55 (D. Mass. 1998) citing *Quaker State Oil Ref. Corp. v. Garrity Oil Co.*, 804 F. 2d 1510, 1513 (1st Cir. 1990). In Quaker State, the Court said "The objectionable conduct must attain a level of rascality that would raise an eyebrow of someone inured to the rough and tumble world or commerce. Id. Stated another way, a Chapter 93A plaintiff must show that the defendant's actions fell within at least the penumbra of some common-law sanctuary, or other established concept of fairness, or were immoral, unethical oppressive or unscrupulous, and resulted in substantial injury....to competitors or other businessman." Id. (quoting *PMP Assoc. Inc. v. Globe Newspaper Co.*, 366 Mass. 593 (1975).

The facts of this action clearly separate this case from one of a simple copyright infringement. As alleged in the Complaint, and the Affidavit of Dale Endris, AtHome was not a one time purchaser of the product. On numerous occasions, AtHome ordered and re-ordered product from Dennis East

3

which was protected by federal copyright registration. Complaint at ¶12-16. Then in February of 2003, AtHome inexplicably began cancelling orders for the same product of which they had previously taken delivery. Complaint at ¶17. The cancellations occurred after AtHome had had access to Dennis East's designs but also after Dennis East had received a re-order of products, made arrangement for their manufacture and had them shipped for delivery. AtHome's unethical and unscrupulous conduct evidences that "level of rascality" which meets the test for assessing whether state claims are to be pre-empted. Accordingly, the Plaintiff requests the Court to deny Defendant's Motion to Dismiss Count III.

## CONCLUSION

Based on the above, Dennis East requests that this Court deny AtHome's Motion to Dismiss on all issues presented.

Respectfully submitted,
DENNIS EAST INTERNATIONAL, INC., Plaintiff

By: _____
G. Arthur Hyland, Jr., its attorney
MURPHY AND MURPHY
243 South Street, Box M
Hyannis, MA 02601
508-775-3116
BBO #545488

Dated: January 18, 2005

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of January, 2005, copies of Plaintiff's Opposition To Defendant's Motion to Dismiss and Memorandum of Law in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss was served on Defendant's counsel via first class mail, postage prepaid to: Nicholas P. Alexander, Esq., MORRISON MAHONEY LLP, 250 Summer Street, Boston, MA 02210.

G. Arthur Hyland, Jr.
MURPHY AND MURPHY
243 South Street, Box M
Hyannis, MA 02601
508-775-3116
BBO #545488