UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS EAST INTERNATIONAL, INC., )<br><br>  Plaintiff, )<br>v. )<br><br>ATHOME AMERICA, INC., )<br><br>  Defendant. ) | DOCKET NO: 04-11994-RWZ |

**DEFENDANT, ATHOME AMERICA, INC.'S
FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS
TO PLAINTIFF, DENNIS EAST INTERNATIONAL, INC.**

**INSTRUCTIONS**

1. If an objection is raised to part of any Request, please respond to the remainder of the Request.

2. If you assert any privilege in responding to these Requests, please: (a) identify the type of privilege asserted; (b) state the basis for the assertion; (c) identify the communication or document for which the privilege is claimed.

3. If the Plaintiff or any of its attorneys, accountants, or agents at any time had possession or control of any document called for under these Requests and if such document has been lost, destroyed, purged or is not presently in the Plaintiff's possession or control or that of its attorneys, accountants, or other agents, identify the document, the date of its loss, destruction, purge or separation from possession or control, and the circumstances surrounding its loss, destruction, purge or separation from possession or control.

4. References to the singular include the plural.

5. A masculine, feminine or neuter pronoun shall include either gender.

6. Any Request propounded in the present tense shall also be read as if propounded in the past tense and vice versa.

7. "And" shall mean "or" and "or" shall mean "and" as necessary to call for the broadest possible answer.

1

971453v1

8.      These Requests are continuing and the Plaintiff is required to seasonably supplement its responses herein in accordance with the Federal Rules of Civil Procedure.

9.      Pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, if all or part of any response is withheld based on a claim of privilege or any other protection, then set forth with respect to each such response, or part thereof, facts of sufficient specificity to permit the court to determine whether the claim of privilege or other ground for withholding a response is valid, including:

(a)     the nature of the information;

(b)     the identities of all persons who created, sent, received, or have ever had or been given access to the information;

(c)     the basis of or grounds for the claim of privilege;

(d)     the person on whose behalf the claim of privilege is being asserted; and

(e)     the Request(s) to which the information is responsive.

**DEFINITIONS**

As used herein, the terms listed below are defined as follows:

1.      "Defendant" or "AtHome America" shall refer to the defendant in this action, AtHome America, Inc., as well as its predecessors and past and present parents, subsidiaries, affiliates, officers, directors, shareholders, principals, owners, employees, attorneys, accountants, agents, and any other persons acting on its behalf.

2.      "Plaintiff" or "Dennis East", "you", or "your", shall refer to the plaintiff in this action, Dennis East International, Inc.

3.      The term "document" as used in these Requests shall mean the original and any non-identical duplicates of any writing, recording, or photograph, as defined in Federal Rule of Evidence 1001, whether prepared by you or by any other person, that is in your possession, custody or control and shall include but is not limited to tapes or other forms of audio, visual, or audio/visual recordings, drawings, films, graphs, charts, photographs, e-mails, phone records, any retrievable data, whether in computer storage, carded, punched, taped or coded form, or stored electrostatically, electromagnetically, or otherwise. Without limiting the generality of the foregoing, "document" specifically includes all contracts, agreements, forms, correspondence, letters, e-mails, telegrams, telephone messages, notices, notes (handwritten or otherwise), memoranda, records, reports, diaries, minutes, statements, worksheets, summaries, books, journals, ledgers, notes, audits, maps, diagrams, drafts, newspapers, appointment books, desk calendars, notes or summaries of personal interviews or conversations, messages (including without limitation reports of telephone conversations and conferences), acknowledgments, telexes, telecopies, all other written or printed matter of any kind, and all other data compilations from which information can be obtained and translated if necessary. "Document" shall also specifically include all invoices, personal or business checks, and any and all other modes of

2

billing and payment. A document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person or public or private entity having actual physical possession thereof.

    4.    The terms "person" or "persons" mean natural persons, all governmental entities, agencies, officers, or departments of the United States of America, or any other governmental entity, and any corporation, foundation, partnership, proprietorship, association, organization, or group of natural persons or other form of legal entity.

    5.    The phrase "evidencing, relating to, or referring to" shall be construed in the broadest sense and shall include documents and things alluding to, responding to, concerning, connected with, commenting on, in respect of, about, regarding, discussing, evidencing, contradicting, showing, describing, reflecting, analyzing, and/or constituting the subject matter of the request.

    6.    "And", "or", "each", "every", "any", and "all" as used herein are terms of inclusion and not exclusion, and shall be construed conjunctively or disjunctively as necessary to bring within the scope of each Request any information that might otherwise be construed outside of the scope of the Request.

    7.    The "Works" shall refer collectively to the following copyrighted works as registered by you: Honeycomb Wire Basket (U.S. Copyright Registration Pending); Cast Iron Fan Doorstop (U.S. Copyright Registration No. VA 1-075-834); Pepperberry Basket and assorted other Pepperberry Designs (U.S. Copyright Registration No. VA 1-140-462); My Leash (U.S. Copyright Registration No. VA 1-075-833); and, Bird Nest Decorative Artwork on Lamp (U.S. Copyright Registration No. VA 593-631).

    8.    "Reflecting," "relating to," "regarding," "evidencing" and "referring to" shall mean consisting of, referring to, describing, discussing, constituting, evidencing, containing, mentioning, concerning, summarizing, analyzing, pertaining to, being connected with, or reflecting upon, or bearing any logical or factual connection with the stated subject matter.

    9.    With regard to the terms defined herein, all terms used in the singular shall include the plural, and all terms used in the plural shall include the singular.

### REQUESTS

    1.    The Works.

    2.    Duplicate originals of the Works.

    3.    Any and all documents relating to, referring to, or evidencing the conception and production of the Works.

971453v1

4. Any and all documents relating to, referring to, or evidencing biographies of those individuals who participated in the creation of the Works, including but not limited to such versions of such biographies as may have been in existence at the time the Works were created.

5. Any and all documents relating to, referring to, or evidencing depictions of images that the creators of the Works were inspired by or drew upon in conceiving the Works.

6. Any and all documents relating to, referring to, or evidencing authorship or co-authorship in the Works.

7. Any and all documents relating to, referring to, or evidencing the ownership interests of any and all present and past holders of any copyright interests (including but not limited to options, contracts to purchase or sell, assignments, security interests, or title) in the Works.

8. Any and all documents relating to, referring to, or evidencing the preparation and filing of copyright applications with the U.S. Copyright Office for the Works, including but not limited to deposit copies of the Works.

9. Any and all documents relating to, referring to, or evidencing the inclusion or omission of copyright notices on copies of the Works.

10. Any and all documents relating to, referring to, or evidencing all advertising materials containing depictions of the Works.

11. Any and all documents relating to, referring to, or evidencing lawsuits, countersuits, arbitrations or other legal proceedings brought by or against Dennis East for infringement of copyright in the Works or a declaration of copyright invalidity or non-infringement.

971453v1

12. Any and all documents relating to, referring to, or evidencing sales of the Works by Dennis East during the period December 2002 to present, including specifically orders, shipping confirmations, bills and invoices.

13. Any and all documents relating to, referring to, or evidencing profits of Dennis East on the Works for the period December 2002 to present, including but not limited to annual reports, tax returns and profit/loss statements.

14. Any and all documents on which you may rely to show costs incurred in calculating gross profits on sales of the Works.

15. Any and all documents relating to, referring to, or suggesting witnesses with knowledge about your claims against AtHome America.

16. Any and all documents relating to, referring to or evidencing support of the allegations contained in the Complaint in this lawsuit.

17. Any and all other documents that Dennis East intends or expects to rely upon at trial or at any hearing in this lawsuit.

18. Any and all documents upon which Dennis East intends or expects its expert witnesses to rely.

19. Any and all documents relating to, referring to, or evidencing the business relationship between Dennis East and AtHome America.

20. Any and all documents relating to, referring to, or evidencing trade shows or other public forums where the Works were displayed to the public for the first time.

971453v1

Dated: October 31, 2005                    Respectfully Submitted,

                                                                    ATHOME AMERICA, INC.
                                                                    Defendant
                                                                    By Its Attorneys,
                                                                    MORRISON MAHONEY LLP


                                                                    /s/Michael J. Racette

I hereby certify that a true copy of the                 Nicholas P. Alexander, BBO #544173
above document was served upon the attorney       Michael J. Racette, BBO #555350
of record for each party by in accordance with        250 Summer Street
the Fed. R. Civ. P. on October 31, 2005.               Boston, MA 02210
                                                                    (617) 439-7500

   /s/Michael J. Racette
       Michael J. Racette

971453v1