UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS EAST INTERNATIONAL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) DOCKET NO.: 04-11994-RWZ |
| | ) |
| ATHOME AMERICA, INC., | ) |
| | ) |
| Defendant. | ) |

**ASSENTED TO MOTION FOR LEAVE TO ADMIT JOSEPH V. NORVELL,
THOMAS L. HOLT AND MICHAEL K. HENDERSHOT *PRO HAC VICE*
AND FOR AN EXTENSION OF TIME TO COMPLETE DISCOVERY**

Defendant, AtHome America, Inc. ("AtHome America") hereby moves this Court with the assent of Plaintiff Dennis East International, Inc. for (i) leave to admit, *pro hac vice*, attorneys Joseph V. Norvell, Thomas L. Holt and Michael K. Hendershot of the law firm Brinks, Hofer, Gilson & Lione, NBC Tower, 455 N. Cityfront Plaza Dr., Suite 3600, Chicago, IL, 60611 ("Brinks Hofer") pursuant to Local Rule 83.5.3(b), and (ii) an extension of time to complete discovery until August 15, 2006. In support of its motion, AtHome America states as follows:

1.  This action was filed on September 3, 2004. AtHome America was at that time, and remains to this day, insured under a liability policy (the "Policy") issued by American Family Insurance Company ("American Family"). Under the terms of the Policy, American Family is obligated to defend AtHome America against all claims covered by the Policy. In keeping with this obligation, American Family agreed to defend AtHome America in this action and retained undersigned counsel to provide

1

such defense.

2.      However, on February 7, 2006, American Family issued to AtHome America a "Reservation of Rights Letter," stating that the Policy does *not* cover any judgment that might be entered against AtHome America on Plaintiff's claim of willful copyright infringement.  Specifically, the letter stated that:

> American Family believes that this reservation of rights may create a conflict of interest between AtHome's interests and those of American Family.  It is in AtHome's interest not to be found to have "willfully and knowingly" infringed Plaintiff's copyright or trademark while it is in American Family's interest that such finding be made.  This necessitates American Family offering to AtHome the opportunity to retain counsel of its choice to defend it….

3.      Upon learning of this conflict of interest issue and believing that a conflict of interest does exist, AtHome America took up American Family's offer to retain it own counsel by selecting Brinks Hofer.  This decision was based on the fact that AtHome America and Brinks Hofer have a longstanding relationship and the fact that the issues in this case fall within Brinks Hofer's area of expertise.

4.      Since selecting Brinks Hofer as its new lead counsel, AtHome America has been working closely with American Family, Brinks Hofer and undersigned counsel to resolve various administrative issues relating to the new counsel arrangement.  As a result of its efforts, AtHome America was ultimately able to work through these issues and establish a new relationship between the four parties, which was formalized the week of May 22, 2006.

5.      Pending approval by the Court, Brinks Hofer will serve as lead counsel for AtHome America in this matter, with undersigned counsel serving as local

counsel. AtHome America has waived the conflict of interest issue with undersigned counsel as it relates to its service as local counsel in this case. Given undersigned counsel's history with this case, AtHome America believes that this proposed counsel arrangement will minimize any difficulties for the Court and the parties that may result from a change of AtHome America's lead counsel.

6. The attorneys for Brinks Hofer for whom *pro hac vice* admission is sought are Joseph V. Norvell, Thomas L. Holt and Michael K. Hendershot. All three attorneys are admitted to practice in, *inter alia*, the United States District Court for the Northern District of Illinois and the State of Illinois, are members in good standing of the bar in every jurisdiction in which they have been admitted, do not have any disciplinary proceedings against them as members of the bar in any jurisdiction, and are familiar with the Local Rules of the United States District Court for the District of Massachusetts. The certificates required by Local Rule 83.5.3(b) for all three attorneys are attached hereto. (*See* Exs. A, B and C, respectively)

7. During the April 5, 2006 status conference, the Court indicated that issues concerning appointment of counsel were to have been resolved by no later than April 19, 2006, and that all remaining depositions should be completed by June 1, 2006. However, due to the unavoidable delay in resolving issues concerning the conflict of interest and At Home America's retention of Brinks Hofer as detailed above, Applicant seeks additional time for the parties to complete discovery.

8. Assuming that the Brinks Hofer attorneys are admitted to the Court, these attorneys will need time to familiarize themselves with this case by reviewing, among

other things, correspondence, pleadings and discovery. Counsel for AtHome America also will require time to assess those materials, and schedule, take and defend depositions based on the results of their assessment.

9. Even without AtHome America retaining new lead counsel, the parties would need additional time to complete the depositions that they intend to take. Plaintiff has informed AtHome America that it intends to depose at least seven individuals. Two of these prospective witnesses are no longer employed by AtHome America, and as such, plaintiff will need to subpoena their deposition testimony. In addition, AtHome America is of the opinion that two other prospective witnesses do not possesses knowledge relevant to the issues in this case. AtHome America therefore needs time to determine whether an agreement can be reached with Plaintiff's counsel regarding whether and to what extent those individuals will be deposed. In addition, AtHome needs time to take the depositions of a number of Plaintiff's employees.

10. AtHome America would also like a further opportunity to discuss settlement of the case with Plaintiff. The requested extension of time will give AtHome America's new lead counsel an opportunity to evaluate the case and to fully explore the possibility of settlement with Plaintiff.

11. AtHome America brings the instant motion in good faith and not for purposes of delay.

12. **Pursuant to Local Rule 7.1, counsel for AtHome America certifies that on May 31, 2006, Plaintiff's counsel assented to the instant motion.**

WHEREFORE, in light of the above, the undersigned counsel hereby requests that the Court: i) grant leave to admit Joseph V. Norvell, Thomas L. Holt and Michael K. Hendershot of Brinks, Hofer, Gilson & Lione to represent AtHome America as lead counsel in this case; and ii) grant the parties until August 15, 2006 to complete discovery in this case.

Dated: May 31, 2006

Respectfully submitted,

ATHOME AMERICA, INC.

By Its Attorneys,

/s/Michael J. Racette

Nicholas P. Alexander, BBO #554173
Michael J. Racette, BBO #555350
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 31, 2006, and in accordance with the Fed R. Civ. P.

/s/Michael J. Racette
Michael J. Racette

EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS EAST INTERNATIONAL, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ATHOME AMERICA, INC., ) <br> ) <br> Defendant. ) | DOCKET NO.: 04-11994-RWZ |

### *PRO HAC VICE* CERTIFICATE OF JOSEPH V. NORVELL

I, Joseph V. Norvell, pursuant to Local Rule 83.5.3(b), hereby certify the following in connection with the accompanying "Assented To Motion for Leave to Admit Joseph V. Norvell, Thomas L. Holt and Michael K. Hendershot *Pro Hac Vice* and For an Extension of Time to Complete Discovery."

1. I am an attorney with the law firm of Brinks Hofer Gilson & Lione. My office is located at NBC Tower, 455 N. Cityfront Plaza Drive, Suite 3600, Chicago, Illinois 60611-5599.

2. I am a member of the bar of the State of Illinois. I am a member of the bar in good standing in every jurisdiction in which I have been admitted to practice, including the United States District Court for the Northern District of Illinois and the State of Illinois Supreme Court.

3. There are no disciplinary proceedings pending against me as a member of the bar in any jurisdiction.

4. I am familiar with the Local Rules of this Court.

1

Dated: __5/31/2006__          _____/s/ Joseph V. Norvell_____
                              Joseph V. Norvell
                              Brinks Hofer Gilson & Lione
                              NBC Tower
                              455 N. Cityfront Plaza Drive, Suite 3600
                              Chicago, IL 60611-5599
                              (312) 321-4200 (telephone)
                              (312) 321-4299 (facsimile)

2

EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS EAST INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | DOCKET NO.: 04-11994-RWZ |
| ) | |
| ATHOME AMERICA, INC., ) | |
| ) | |
| Defendant. ) | |

### *PRO HAC VICE* CERTIFICATE OF THOMAS L. HOLT

I, Thomas L. Holt, pursuant to Local Rule 83.5.3(b), hereby certify the following in connection with the accompanying "Assented To Motion for Leave to Admit Joseph V. Norvell, Thomas L. Holt and Michael K. Hendershot *Pro Hac Vice* and For an Extension of Time to Complete Discovery."

1. I am an attorney with the law firm of Brinks Hofer Gilson & Lione. My office is located at NBC Tower, 455 N. Cityfront Plaza Drive, Suite 3600, Chicago, Illinois 60611-5599.

2. I am a member of the bar of the State of Illinois. I am a member of the bar in good standing in every jurisdiction in which I have been admitted to practice, including the United States District Court for the Northern District of Illinois and the State of Illinois Supreme Court.

3. There are no disciplinary proceedings pending against me as a member of the bar in any jurisdiction.

4. I am familiar with the Local Rules of this Court.

1

Dated: 5/31/06

_____
Thomas L. Holt
Brinks Hofer Gilson & Lione
NBC Tower
455 N. Cityfront Plaza Drive, Suite 3600
Chicago, IL 60611-5599
(312) 321-4200 (telephone)
(312) 321-4299 (facsimile)

EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS EAST INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | DOCKET NO.: 04-11994-RWZ |
| ) | |
| ATHOME AMERICA, INC., ) | |
| ) | |
| Defendant. ) | |

### *PRO HAC VICE* CERTIFICATE OF MICHAEL K. HENDERSHOT

I, Michael K. Hendershot, pursuant to Local Rule 83.5.3(b), hereby certify the following in connection with the accompanying "Assented To Motion for Leave to Admit Joseph V. Norvell, Thomas L. Holt and Michael K. Hendershot *Pro Hac Vice* and For an Extension of Time to Complete Discovery."

1. I am an attorney with the law firm of Brinks Hofer Gilson & Lione. My office is located at NBC Tower, 455 N. Cityfront Plaza Drive, Suite 3600, Chicago, Illinois 60611-5599.

2. I am a member of the bar of the State of Illinois. I am a member of the bar in good standing in every jurisdiction in which I have been admitted to practice, including the United States District Court for the Northern District of Illinois and the State of Illinois Supreme Court.

3. There are no disciplinary proceedings pending against me as a member of the bar in any jurisdiction.

4. I am familiar with the Local Rules of this Court.

1

Dated: 5/31/06

[signature]

Michael K. Hendershot
Brinks Hofer Gilson & Lione
NBC Tower
455 N. Cityfront Plaza Drive, Suite 3600
Chicago, IL 60611-5599
(312) 321-4200 (telephone)
(312) 321-4299 (facsimile)

2